# EXHIBIT A
# COMPLAINT

Eran Lagstein, Esq., SBN 7413
LAGSTEIN LAW FIRM, P.C.
1801 Century Park East, 24th Fl.
Los Angeles, CA 90067
Tel. 323.330.0507
Fax 323.330.0508
eran@lagsteinlawfirm.com

RECEIVED
MAR 24 2022

Attorneys for Plaintiff,
NATALIE HUNTER

# NINTH JUDICIAL DISTRICT COURT

# STATE OF NEVADA

NATALIE HUNTER, an individual;

Plaintiff,

vs.

HARD ROCK HOTEL & CASINO – LAKE TAHOE, a corporation; and DOES 1-20, inclusive;

Defendants.

Case No.: 2022-CV-00059
DEPT: II
COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL:

1. N.R.S., section 613.330 (1)(a)
2. Americans with Disabilities Act
3. Wrongful Termination in Violation of Public Policy

---

1
COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

## GENERAL ALLEGATIONS

1. Plaintiff Natalie Hunter ("HUNTER" or "PLAINTIFF") has, at all times relevant to this Complaint, been a resident of the State of California.

2. Defendant Hard Rock Hotel & Casino – Lake Tahoe ("DEFENDANT HARD ROCK") has, at all times relevant to this Complaint, been a business located in, and doing business in, the State of Nevada.

3. Upon information and belief, HUNTER alleges that DOES 1-50 are each in some way also responsible for her injuries, whether through negligence or in some other actionable manner. HUNTER is informed and believes, and on that basis alleges, that each and every Defendant sued under a fictitious name is in some manner responsible for the wrongs and damages as alleged below, and in so acting was functioning as the agent, principal, servant, partner, employee and/or employer of the co-defendants, and in performing the actions alleged below, was acting partly within and partly without the course and scope of his or her authority and with the permission and consent of co-defendants. HUNTER shall amend this Complaint to state DOES 1-20's true identities once same has been ascertained. Collectively, all Defendants shall herein be referred to as "DEFENDANTS."

4. Upon information and belief, HUNTER alleges that DEFENDANTS, and each of them, aided and abetted the others in violations of all the laws cited in this Complaint. HUNTER further alleges that DEFENDANTS, and each of them, conspired to violate each law enumerated herein.

## FACTUAL BACKGROUND

5. HUNTER repeats and realleges each and every preceding paragraph and incorporates same herein by reference.

6. On or about April 16, 2017, DEFENDANT HARD ROCK hired HUNTER as a bartender "on the casino floor." Roughly six months later, HUNTER became a bartender both on the casino floor and also in DEFENDANT HARD ROCK's fine-dining restaurant, "Park Prime."

7. On or about January 9, 2018, HUNTER was diagnosed with Multiple Sclerosis, a

neurodegenerative disease. HUNTER advised Peter Vitolo (the Food & Beverage Manager) of this fact approximately one week later. HUNTER also advised human resources of her multiple sclerosis diagnosis. HUNTER further advised Krista Winters (the Bar Manager) of her multiple sclerosis diagnosis.

8. HUNTER began noticing that her supervisors and co-workers would make off-handed or even, snide, remarks about whether she was "sick again" or was able to work. HUNTER became acutely aware of a hostility directed at her and based on her disability and medical condition; i.e., her multiple sclerosis. HUNTER also began noticing that certain of her supervisors and colleagues would not assign tables to her and would sideline her.

9. On June 18, 2021, HUNTER requested, and received, a two-week medical leave, pursuant to a doctor's note, due to her multiple sclerosis symptoms, with a return-to-work date of July 2, 2021.

10. On July 1, 2021, HUNTER reported to work and requested to be put back on the schedule, as she noticed that she was not on schedule. She spoke to Sean Oakes ("Oakes"), her immediate manager, about being put back on schedule. Oakes replied that he "would have to speak to human resources" about the date that HUNTER would return to work.

11. Having not heard anything about when she could be placed back on schedule, HUNTER, over the next few months, would frequently call DEFENDANT HARD ROCK and even show up in-person to find out when she could start working again. However, HUNTER was constantly strung along with a series of excuses and flippant dismissals and without ever being put back on schedule.

12. On October 6, 2021, Barbara Bolender (Human Resources Manager), called HUNTER and advised HUNTER that DEFENDANT HARD ROCK terminated HUNTER's employment. The "official" reason given was that HUNTER was allegedly a "no call, no show" on July 22, 2021. This "official" reason was bogus, false, and pretextual; HUNTER *was not scheduled to work on July 22, 2021*; in fact, after HUNTER returned from medical leave, she was never again put on schedule. The real reason that DEFENDANT HARD ROCK terminated HUNTER was because of her disability and their discrimination against it.

3
COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

13. Each act alleged herein was performed and/or ratified by an officer, director, and/or managing agent of DEFENDANT HARD ROCK, and was done with malice, oppression, and/or fraud.

14. HUNTER has timely exhausted her administrative remedies. Attached hereto as Exhibit 1 is a true and correct copy of HUNTER's right-to-sue letter issued by the Nevada Equal Rights Commission on January 11, 2022.

## FIRST CAUSE OF ACTION – Violation of N.R.S. 613.330 (1)(a)
### (By PLAINTIFF against all DEFENDANTS)

15. HUNTER repeats and realleges each and every preceding paragraph and incorporates same herein by reference.

16. Pursuant to N.R.S.613.330 (1)(a), it is an unlawful practice for an employer:

> To fail or refuse to hire *or to discharge any person*, or otherwise to discriminate against any person with respect to the person's compensation, terms, conditions or privileges of employment, *because of his or her* race, color, religion, sex, sexual orientation, gender identity or expression, age, *disability* or national origin... (emphasis added).

17. DEFENDANTS violated N.R.S. 613.330 (1)(a) when they terminated HUNTER because of her disability.

18. DEFENDANTS' violation of N.R.S. 613.330 (1)(a) has actually, directly, and proximately caused HUNTER's economic and non-economic damages, including, but not limited to, loss of income, pain, suffering, mental anguish, and emotional distress.

19. DEFENDANTS committed the acts alleged herein maliciously, fraudulently, and oppressively, with the wrongful intention of injuring HUNTER, from an improper and evil motive amounting to malice, and in conscious disregard of HUNTER's rights in violation of public policies. HUNTER is thus entitled to recover punitive damages from DEFENDANTS in an amount according to proof at trial.

///

## SECOND CAUSE OF ACTION – Violation of the Americans with Disabilities Act (42 U.S. Code, section 12112(a))

(By PLAINTIFF against all DEFENDANTS)

20. HUNTER repeats and realleges each and every preceding paragraph and incorporates same herein by reference.

21. Pursuant to 42 U.S. Code, section 12112(a) of the Americans with Disabilities Act ("the ADA"):

> No covered entity shall discriminate against a qualified individual *on the basis of disability* in regard to job application procedures, the hiring, advancement, *or discharge of employees*, employee compensation, job training, and other terms, conditions, and privileges of employment. (Emphasis added.)

22. DEFENDANTS violated the ADA when they discriminated, discharged, and terminated HUNTER because of her disability.

23. DEFENDANTS' violation of the ADA actually, directly, and proximately caused HUNTER's economic and non-economic damages, including, but not limited to, loss of income, pain, suffering, mental anguish, and emotional distress.

24. DEFENDANTS committed the acts alleged herein maliciously, fraudulently, and oppressively, with the wrongful intention of injuring HUNTER, from an improper and evil motive amounting to malice, and in conscious disregard of HUNTER's rights in violation of public policies. HUNTER is thus entitled to recover punitive damages from DEFENDANTS in an amount according to proof at trial.

## THIRD CAUSE OF ACTION – Wrongful Termination in Violation of Public Policy

(By PLAINTIFF against all DEFENDANTS)

25. HUNTER repeats and realleges each and every preceding paragraph and incorporates same herein by reference.

26. DEFENDANTS, in violation of including, but not limited to, N.R.S. 613.330 (1)(a) and

the Americans with Disabilities Act, wrongfully terminated HUNTER because of her disability.

27.  As a direct, foreseeable, and proximate result of DEFENDANTS' termination of HUNTER in violation of public policy as embodied in, including, but not limited to, N.R.S. 613.330 (1)(a) and the ADA, HUNTER has suffered and continues to suffer economic and non-economic damages including, but not limited to, loss of income, pain, suffering, mental anguish, and emotional distress.

28.  DEFENDANTS committed the acts alleged herein maliciously, fraudulently, and oppressively, with the wrongful intention of injuring HUNTER, from an improper and evil motive amounting to malice, and in conscious disregard of HUNTER's rights in violation of public policies. HUNTER is thus entitled to recover punitive damages from DEFENDANTS in an amount according to proof at trial.

WHEREFORE, HUNTER prays for judgment against DEFENDANTS, and each of them, as follows:

1. For economic damages in an amount to be proven at trial;
2. For non-economic damages in an amount to be proven at trial;
3. For attorney's fees and costs where allowed by law;
5. For punitive damages where allowed by law;
6. For prejudgment interest at the lawful rate; and
7. For such other compensation and relief as the Court deems just and proper.

DATED: March 20, 2022

LAGSTEIN LAW FIRM, P.C.

Eran Lagstein, Esq.
Attorneys for Plaintiff,
NATALIE HUNTER

///

## DEMAND FOR JURY TRIAL

PLAINTIFF hereby demands a trial by jury on all causes of action contained in the instant matter.

DATED: March 20, 2022

LAGSTEIN LAW FIRM, P.C.

Eran Lagstein, Esq.
Attorneys for Plaintiff,
NATALIE HUNTER

# EXHIBIT 1



NEVADA EQUAL RIGHTS
COMMISSION

Nevada Department of Employment,
Training and Rehabilitation

STEVE SISOLAK
Governor

ELISA CAFFERATA
Director

KARA M. JENKINS
Administrator

January 11, 2022

Eran Lagstein - Legal Counsel
LAGSTEIN LAW FIRM, P.C.
1801 Century Park East, 24th Floor
Los Angeles, CA 90067 via email only

RE:  Natalie Hunter vs Hard Rock Casino Lake Tahoe
     NERC No. 0110-22-0002R   EEOC No. 34B-2022-00124C

Dear Mr. Lagstein:

The Nevada Equal Rights Commission (NERC) is closing the case your client has filed as you have requested a Right-to-Sue letter from NERC and the Equal Employment Opportunity Commission (EEOC).

**Right-to-Sue Notice:** This letter constitutes your client's state Right-to-Sue Notice.

Please be advised that the NERC's closure does <u>not</u> preclude your client from filing a lawsuit in state court pursuant to Nevada Revised Statutes (NRS) 613.420.

Section 613.420 of the Nevada Revised Statutes provides in part: "If the Nevada Equal Rights Commission does not conclude that an unfair employment practice . . . has occurred, the Commission shall issue a right-to-sue notice. . . the person alleging such a practice has occurred may bring a civil action in district court not later than 90 days after the date of receipt of the right-to-sue notice..."

NRS 613.430 provides the following timeframes to file in state court, "No action authorized by NRS 613.420 may be brought more than 180 days after the date of the act complained of or more than 90 days after the date of the receipt of the right-to-sue notice...whichever is later. When a complaint is filed with the Nevada Equal Rights Commission, the limitation provided by this section is tolled as to any action authorized by NRS 613.420 during the pendency of the complaint before the Commission."

Natalie Hunter vs Hard Rock Casino Lake Tahoe
NERC No. 0110-22-0002R
EEOC No. 34B-2022-00124C
Page 2 of 3

If you should have any questions, please do not hesitate to contact the Commission at the below listed telephone number.

Sincerely,

*Darrell K. Harris*

Darrell K. Harris
Supervisory Compliance Investigator

cc: Natalie Hunter

**NRS 233.190  Confidentiality of information.**
1. Except as otherwise provided in this section or NRS 239.0115, any information gathered by the Commission in the course of its investigation of an alleged unlawful discriminatory practice in housing, employment or public accommodations is confidential.
2. The Commission may disclose information gathered pursuant to subsection 1 to:
(a) Any governmental entity as appropriate or necessary to carry out its duties pursuant to this chapter; or
(b) To any other person if the information is provided in a manner which does not include any information that may be used to identify the complainant, the party against whom the unlawful discriminatory practice is alleged or any person who provided information to the Commission during the investigation.
3. Except as otherwise provided in subsection 4, the Commission shall disclose information gathered pursuant to subsection 1 to the complainant and the party against whom the unlawful discriminatory practice is alleged if:
(a) Each has consented to such disclosure; or
(b) The Commission has determined to conduct a hearing on the matter or apply for a temporary restraining order or an injunction or an action has been filed in court concerning the complaint.
4. The Commission may not disclose to the complainant or the party against whom the unlawful discriminatory practice is alleged:
(a) Any information obtained during negotiations for a settlement or attempts at mediating or conciliating the complaint.
(b) Any investigative notes or reports made by the Commission.
(c) Any information that may be used to identify a person who provided information to the Commission during the investigation and who has requested anonymity.
5. Except as otherwise provided in this section or NRS 239.0115, if the Commission's attempts at mediating or conciliating the cause of the grievance succeed, the information gathered pursuant to subsection 1 must remain confidential.
6. If the Commission proceeds with a hearing or applies for injunctive relief, confidentiality concerning any information, except negotiations for a settlement or attempts at mediating or conciliating the cause of the grievance, is no longer required.

Natalie Hunter vs Hard Rock Casino Lake Tahoe
NERC No. 0110-22-0002R
EEOC No. 34B-2022-00124C
Page 3 of 3

(Added to NRS by 1977, 1606; A 2003, 1330; 2007, 2080)